## Commonwealth v. One Ford Roadster

*David A. Groshens*, for Commonwealth.
*Joseph H. Cochran* and *Therman P. Britt*, for defendant.

KNIGHT, J., November 18, 1932.—The defendant was seized by the officers of the law when they found that it was being used to transport liquor. At the time the defendant was in the possession of one William Davis, who was tried and convicted for the transportation of illegal intoxicating liquor. On the day of the trial of Davis, May 2, 1932, one I. Wolgin, trading as Universal Auto Loan Company, presented his petition averring that he, Wolgin, was the real owner of the defendant, which was merely leased to William Davis, and that he, Wolgin, had no knowledge of the illegal use of the defendant.

The petition further prayed that defendant might be released to the petitioner, upon his giving bond to produce the same in case of condemnation proceedings. The prayer of the petition was granted and the defendant delivered to Wolgin upon the filing of the bond.

On May 20th last, condemnation proceedings were commenced against the defendant. Despite the fact that the district attorney's office had knowledge of

the claim of Wolgin to the defendant, he, Wolgin, was given no notice of the proceedings. On June 6, 1932, the court entered a decree forfeiting the defendant to the Commonwealth and directing the sheriff to sell the car and pay the proceeds to the Treasurer of Montgomery County.

On July 1st Wolgin presented a petition asking for a public hearing, under the provisions of the Act of March 27, 1923, P. L. 34, as amended. The prayer of the petition was allowed. (See our opinion filed October 17, 1932, as of this term and number.)

On Friday, November 4th, the public hearing was had, at which the claimant produced evidence proving to the satisfaction of the court that the claimant, Wolgin, was the real owner and had the right of possession of the defendant, and that the said William Davis used the defendant for the transportation of illegal liquor without the knowledge and consent of the claimant. The defendant then should be returned to the claimant, under section 11 (6) of the Act of 1923, supra, unless he is precluded by the condemnation proceedings above mentioned.

As the claimant had no notice of these proceedings, we cannot see how they can affect his claim, and as he presented his petition for a public hearing before the defendant was actually sold, he was within the time allowed by the Act of 1923, supra.

And now, November 18, 1932, it is ordered, adjudged and decreed that the defendant, a Ford roadster, engine No. A3259177, be returned and delivered to the claimant, I. Wolgin, trading as Universal Auto Loan Company,

From Aaron S. Swartz, Jr., Norristown, Pa.